UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCISCO ELISI FLORES-GRACIAS,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 3:25-cv-00688-RFB-CSD<br><br>**ORDER** |

Petitioner Francisco Elisi Flores-Gracias, an immigration detainee, has filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), and Motion for Temporary Restraining Order (ECF No. 3), challenging his continued detention at Washoe County Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and Motion and preliminarily finds Petitioner likely can demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners in Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

Thus, Respondents are **ORDERED TO SHOW CAUSE** why the Motion should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, within three days, **a (i) notice of appearance and (ii) "a [response] certifying the true cause of detention"** on or before **December 6, 2025**. Id. Petitioner may file a reply on or before **December 9, 2025**.

**IT IS FURTHER ORDERED** that the parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Motion. The Court would be amenable to ruling on the papers if the parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under Local Rule

7-3 without leave. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their response any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detention is reflected in any documents in their possession which have not been provided to Petitioner, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 to Petitioner's arrest, detention, and removal proceedings, Respondents must so indicate and file said documents with their pleading. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** that the parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this District. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to

protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Petition (ECF No. 1), Motion (ECF No. 3), Declaration (ECF No. 2), and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1), Motion (ECF No. 3), Declaration (ECF No. 2), and this Order to the United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov. in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

4. **MAIL** a copy of the Petition (ECF No. 1), Motion (ECF No. 3), Declaration (ECF No. 2), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

   1) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

   2) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

   3) Todd Lyons, Acting Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536

   4) Jason Knight, Acting Las Vegas Field Office Director, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096

   5) Darin Balaam, Warden, Washoe County Detention Center, 911 Parr Blvd, Reno NV 89512

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1), Motion (ECF No. 3), Declaration (ECF No. 2), and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee

1  designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of
2  Civil Procedure.
3      **DATED:** December 3, 2025

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**