# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

FRANCISCO E. FLORES-GRACIAS,

Petitioner,

v.

MICHAEL BERNACKE, *et al.*,

Respondents.

Case No. 3:25-cv-00688-RFB-CSD

**ORDER**

Pending before the Court is Petitioner Francisco Flores-Gracias's Motion for a Temporary Restraining Order or Preliminary Injunction (ECF No. 3), challenging the lawfulness of his detention at Nevada Southern Detention Center (NSDC) in the custody of Federal Respondents. For the following reasons, the Court grants the Motion and orders Respondents to immediately release Petitioner.

First, the Court addresses Respondents' failure to respond to the Motion. This Court ordered Respondents to show cause why preliminary injunctive relief should not be granted by December 6, 2025, in accordance with 28 U.S.C. § 2243. ECF No. 8. To date, Respondents have failed to respond or seek an extension of time. On December 9, 2025, Petitioner filed a notice of Respondents' failure to comply with the Order to Show Cause deadline and asked the Court to rule on the unopposed Motion promptly, to "prevent further harm and to ensure that Petitioner receives the due process to which he is entitled. ECF No. 9 at 2.

The Supreme Court has emphasized that habeas corpus proceedings, and the federal habeas statute, are intended to provide petitioners with "swift, flexible, and summary determination[s]." Preiser v. Rodriguez, 411 U.S. 475, 495 (1973) (citing 28 U.S.C. § 2243). While a respondent's failure to respond to a habeas petitioner's claims does not entitle that petitioner to default judgment, it is within the district court's discretion to enter a default judgment for petitioner in instances

where respondent's failure to respond creates an excessive delay in proceedings. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (citing to Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir. 1981), for the proposition that district courts have discretion to enter default judgment upon a government's failure to respond creating excessive delay). Further, where a respondent is guilty of long, inadequately explained delays, courts may presume that a petitioner is being detained illegally. See Ruiz, 660 F.2d at 340-41. For these reasons, and because of the liberty interest at stake, the Court rules on the Motion and grants preliminary relief without a response from the federal Respondents, addressing the routine arguments that Respondents have raised in similar cases.[1]

The Court makes the following finds of fact based on the record. On October 18, 2025, Petitioner was arrested on a warrant for an unpaid traffic citation, and subsequently charged with

---

[1] This Court has already granted petitioners relief—both preliminary and on the merits—in thirty-three similar challenges. See Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY 2025 WL 3205356 (D. Nev. Nov. 17, 2025); see also Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792 (D. Nev. Sept. 5, 2025); Vazquez v. Feeley, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); Roman v. Noem, No. 2:25-CV-01684-RFB-EJY, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); Carlos v. Noem, No. 2:25-CV-01900-RFB-EJY, 2025 WL 2896156 (D. Nev. Oct. 10, 2025); E.C. v. Noem, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264 (D. Nev. Oct. 14, 2025); Perez Sanchez v. Bernacke, No. 2:25-CV-01921-RFB-MDC (D. Nev. Oct. 17, 2025); Aparicio v. Noem, No. 2:25-CV-01919-RFB-DJA, 2025 WL 2998098 (D. Nev. Oct. 23, 2025); Dominguez-Lara v. Noem, No. 2:25-CV-01553-RFB-EJY, 2025 WL 2998094 (D. Nev. Oct. 24, 2025); Bautista-Avalos v. Bernacke, 2:25-CV-01987-RFB-BNW (D. Nev. Oct 27, 2025); Arce-Cervera v. Noem, No. 2:25-CV-01895-RFB-NJK, 2025 WL 3017866 (D. Nev. Oct. 28, 2025); Alvarado Gonzalez v. Mattos, No. 2:25-CV-01599-RFB-NJK (D. Nev. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, No. 2:25-cv-01551-RFB-EJY, 2025 WL 3072687 (D. Nev. Nov. 3, 2025); Berto Mendez v. Noem, No. 2:25-cv-02602-RFB-MDC, 2025 WL 3124285 (D. Nev. Nov. 7, 2025); Cornejo-Mejia v. Bernacke, No. 2:25-cv-02139-RFB-BNW, 2025 WL 3222482 (D. Nev. Nov. 18, 2025); Lucero Ortiz v. Bernacke, No. 2:25-cv-01833-RFB-NJK, 2025 WL 3237291 (D. Nev. Nov. 19, 2025); Perez Sales v. Mattos, No. 2:25-cv-01819-RFB-BNW, 2025 WL 3237366 (D. Nev. Nov. 19, 2025); Hernandez Duran v. Bernacke, No. 2:25-cv-02105-RFB-EJY, 2025 WL 3237451 (D. Nev. Nov. 19, 2025); Cabrera-Cortes v. Knight, No. 2:25-cv-01976-RFB-MDC, 2025 WL 3240971 (D. Nev. Nov. 20, 2025); Jacobo Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025); Garcia-Arauz v. Noem, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); Silva Hernandez v. Noem, No. 2:25-cv-02304-RFB-EJY, 2025 WL 3470903 (D. Nev. Dec. 3, 2025); Reyes Cristobal v. Bernacke, No. 2:25-cv-02231-RFB-EJY, 2025 WL 3485770 (D. Nev. Dec. 4, 2025); Carrillo Fernandez v. Knight, No. 2:25-cv-02221-RFB-BNW, 2025 WL 3485800 (D. Nev. Dec. 4, 2025); Pilar Torres v. Bernacke, No. 2:25-cv-02270-RFB-EJY, 2025 WL 3514615 (D. Nev. Dec. 8, 2025); Nolasco-Gomez v. Noem, No. 2:25-cv-02217-RFB-DJA, 2025 WL 3514758 (D. Nev. Dec. 8, 2025); Ramirez-Contreras v. Noem, No. 2:25-cv-02218-RFB-EJY, 2025 WL 3514681 (D. Nev. Dec. 8, 2025); Rodas v. Noem, No. 2:25-cv-02216-RFB-BNW, 2025 WL 3514680 (D. Nev. Dec. 8, 2025); Perdomo-Gonzalez v. Noem, No. 2:25-cv-02121-RFB-EJY, 2025 WL 3514758 (D. Nev. Dec. 8, 2025); Hernandez Isidoro v. Bernacke, No. 2:25-cv-02312-RFB-NJK (D. Nev. Dec. 8, 2025); Serrano Gonzalez v. Knight, No. 2:25-cv-02081-RFB-BNW (D. Nev. Dec. 9, 2025); Morales Rondon v. Bernacke, No. 2:25-cv-01979-RFB-BNW (D. Nev. Dec. 9, 2025); Marquez v. Knight, No. 2:25-cv-02203-RFB-NJK (D. Nev. Dec. 9, 2025).

possessing drug paraphernalia. ECF No. 1 at 2. On October 20, 2025, he appeared before the criminal court, which ordered his release on his own recognizance. Id. The following day, on October 21, 2025, he was transferred to the custody of Immigration and Customs Enforcement (ICE) at the Washoe County Detention Center and has been detained there since. Id. ICE commenced removal proceedings based on a charge that, *inter alia*, Petitioner was "inadmissible" as "an alien present in the United States without being admitted or paroled" pursuant to 8 U.S.C. 1182(a)(6)(A)(i). ECF No 1-1 at 5. Petitioner was scheduled to appear for a criminal arraignment on November 2, 2025, but was unable to do so because he remained in ICE custody and ICE did not transport him to the hearing. ECF No. 1 at 2. As a result, the criminal court issued a bench warrant for his failure to appear. Id.

On November 28, 2025, Immigration Judge (IJ) Lindsay Roberts held a custody redetermination hearing (*i.e.* bond hearing) pursuant to 8 C.F.R. § 1236. ECF No. 1-1. IJ Roberts denied Petitioner bond solely on the basis that she lacked jurisdiction pursuant to Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). ECF No. 1-3. However, pursuant to the request of the Department of Homeland Security (DHS) "in light of ongoing litigation," IJ Roberts made an alternative finding that if the immigration court had jurisdiction, Petitioner was neither dangerous nor a flight risk, and Petitioner's release on bond in the amount of $5,000, with alternatives to detention at the discretion of DHS, would be appropriate. Id.

Petitioner Flores-Gracias is a native and citizen of El Salvador who has built his life in the United States for more than two decades. ECF No. 2 at 2. He resides in Reno, Nevada, where he has worked steadily in the auto repair industry and has become a well-respected and dependable member of his community. Id. He has substantial family ties to U.S. citizens and lawful permanent residents, who depend on him both emotionally and financially. ECF No 3 at 4. He is a devoted and active father to his 17-year-old U.S. citizen daughter, who he supports emotionally and financially. Id. His family is suffering considerable hardship, including severe emotional distress, financial strain, and anxiety, due to Petitioner's detention since October 21, 2025. Id. at 4-5. His detention significantly hinders his ability to participate in his ongoing removal proceedings, by limiting his ability to communicate with counsel, access documents, coordinate witness

1  declarations, etc. Id. at 6. He is further experiencing mental and emotional distress due to his
2  prolonged separation from his family and uncertainty about his future. Id.

3  The Court now turns to the merits of Petitioner's Motion. As an initial matter, the Court
4  has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because
5  the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply. See Escobar
6  Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, 2:25-cv-2105-RFB-EJY,
7  2025 WL 3237451, at *4 (Nov. 19, 2025).

8  The Court also fully incorporates by reference its prior finding that administrative
9  exhaustion is excused as futile due to the Board of Immigration Appeals' (BIA) decision in
10 Hurtado. Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D.
11 Nev. Nov. 24, 2025).

12 This Court has previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-
13 EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners who are long-
14 term U.S. residents arrested in the interior and detained without the opportunity for release on
15 bond, were detained in violation of the Immigration and Nationality Act (INA) and Due Process
16 Clause of the Fifth Amendment. 2025 WL 3205356, at *10-26. The Court incorporates by
17 reference and adopts those same findings and legal conclusions here: because Petitioner is a
18 longtime U.S. resident who was arrested far from any port of entry, with deep ties to this country,
19 he is entitled to release on bond under 8 U.S.C § 1226(a), and his continued detention despite the
20 finding of an IJ that he is neither dangerous, nor a flight risk, violates his procedural and
21 substantive due process rights. Id.

22 The Court further finds that Petitioner has satisfied the Winter factors and is therefore
23 entitled to a preliminary injunction ordering his immediate release from ICE custody pursuant to
24 the $5,000 bond and other conditions imposed by IJ Roberts in the alternative under 8 U.S.C. §
25 1226(a). Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for
26 preliminary injunction). To obtain a preliminary injunction, a plaintiff must establish four
27 elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable
28 harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4)

that the public interest favors an injunction. <u>Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.</u>, 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing <u>Winter</u>, 555 U.S. at 22).

The Court finds Petitioner has established a likelihood of success on the merits of his statutory and due process challenges to his continued detention for the same reasons set forth in <u>Escobar Salgado</u>. First, regarding the INA challenge, at the bond hearing, DHS asserted that Petitioner, because he entered the country without inspection, is an applicant for admission seeking admission under 8 U.S.C. § 1225(b)(2)(A) and thus subject to mandatory detention without the opportunity for release on bond. <u>See</u> ECF No. 1-1 at 9. Pursuant to <u>Hurtado</u>, the precedential BIA decision which adopted DHS' new legal position, IJ Roberts denied for want of jurisdiction. <u>Id.</u> Petitioner argues Respondents and the BIA's new interpretation of the government's detention authority under 8 U.S.C. § 1225(b)(2)(A) is erroneous, and that he is properly detained under 8 U.S.C § 1226(a) and its implementing regulations. This Court agrees with Petitioner and incorporates by reference its holding and findings in <u>Escobar Salgado</u>, rejecting Respondents' new statutory interpretation as unlawful. 2025 WL 3205356, at *10-22.

Further, the Court finds Petitioner has established a likelihood of success on the merits of his procedural and substantive due process challenges to his prolonged detention without an individualized bond hearing. The procedural due process factors under <u>Mathews v. Eldridge</u> weigh heavily in favor of Petitioner because (1) the private interest affected is the fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation has already been realized, where Respondents continue to detain Petitioner despite their failure to establish a legitimate, individualized interest in his continued detention before an IJ; (3) the government's interest in enforcing immigration laws is served by the individualized determination of an IJ, based on a review of evidence presented by the government and Petitioner, which established that he is neither dangerous, nor a flight risk, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. <u>See</u> <u>Mathews v. Eldridge</u>, 424 U.S. 319, 334-35 (1976); <u>see also</u> <u>Rodriguez Diaz v. Garland</u>, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the <u>Mathews</u> test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized

justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

It follows inexorably from the Court's determination that Petitioner will continue to be deprived of his physical liberty unconstitutionally in the absence of an injunction that Petitioner has met his burden to show immediate and irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government in adhering to established bond and supervised release procedures, which are set forth in the relevant agencies' own regulations, as compared to the preventable human suffering, *e.g.*, the financial and emotional burdens on both Petitioner and his family, in addition to the fundamental harm of arbitrary detention without meaningful due process, demonstrates that the balance of the equities and public interest tip sharply in Petitioner's favor. Id. at 995-96 ("the public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Additionally, the Court, in its discretion under Federal Rule of Civil Procedure 65(c), finds that releasing Petitioner on a $5,000 bond will not be costly for Respondents, and therefore declines to impose bond beyond the amount imposed by IJ Roberts. See Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (a "district court may dispense with the filing of a bond [under Rule 65(c)] when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.).

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's (ECF No. 3) Motion for a Preliminary Injunction is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must **IMMEDIATELY RELEASE** Petitioner from custody, subject to the conditions imposed by IJ Roberts, as soon as practicable, and no later than **December 10, 2025 at 4:00 PM**.

The Court has received notice of the hardship other immigration detainee petitioners have faced in their efforts to pay bond through ICE's bond payment system. Therefore, **IT IS FURTHER ORDERED** that Petitioner be afforded 45 days from the date of release to satisfy the

- 6 -

$5,000 bond condition.

**IT IS FURTHER ORDERED** that pending a resolution of the (ECF No. 1) Petition on the merits, Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, the Court **ORDERS** that Respondents are **ENJOINED** from invoking the automatic stay to continue Petitioners' detention, as the Court has already found the automatic stay unconstitutional and adopts that finding here. Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sept. 5, 2025).

**IT IS FURTHER ORDERED** that Respondents shall file a Notice of Compliance with this Order no later than **December 11, 2025 at 10:00 AM**.

**IT IS FURTHER ORDERED** that on or before **December 23, 2025**, the parties shall file a stipulated proposed scheduling order for full briefing on the merits of the Petition.

**DATED:** December 9, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**